UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELVIN LANEIL JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No.: 2:24-cv-02200-GMN-DJA<br><br>**ORDER** |

**I.    DISCUSSION**

On December 10, 2024, the Court gave Plaintiff until February 4, 2025, to file a fully complete application to proceed *in forma pauperis* or pay the $405 filing fee. (ECF No. 3). In response, Plaintiff filed two incomplete applications to proceed *in forma pauperis*. (ECF Nos. 7, 8). He did not file a copy of his prison trust fund account statement for the previous six-month period with either application. (*Id.*) The Court denied Plaintiff's incomplete applications to proceed *in forma pauperis*, and granted him an extension until March 12, 2025, to file a complete application. (ECF No. 11). In response, Plaintiff filed another incomplete application to proceed *in forma pauperis*. (ECF No. 12). Plaintiff used the wrong form, and he again failed to include a copy of his prison trust fund account statement for the previous six-month period. (*Id.*) In light of Plaintiff's *pro se* status, the Court granted him an extension until April 21, 2025, to file a complete application to proceed *in forma pauperis*. (ECF No. 13).

In response, Plaintiff has filed a motion to enforce an order and or issue an order to show cause. (ECF No. 15). Plaintiff's motion is not clear, but he appears to argue that he filed an application to proceed *in forma pauperis* and that NDOC officials or the Court have falsely claimed that he failed to file an application to proceed *in forma pauperis*. (*Id.* at 2). Plaintiff also appears to argue that the Court directed NDOC to charge Plaintiff the $405 filing fee as an indigent inmate, but that NDOC has refused to comply with the

Court's order. (*Id.* at 4). Finally, Plaintiff notes that he filed a previous motion to enforce an order or issue an order to show cause in January 2025, and the Defendants have failed to respond to that previous motion. (*Id.* at 3).

As explained in the advisory letter that the Court sent Plaintiff when he initiated this case, the Court needs to screen Plaintiff's complaint before it is served on the Defendants. (ECF No. 3). The Defendants have not yet been served anything that Plaintiff has filed, and they will not be served until after the Court screens Plaintiff's complaint. Because the Defendants have not yet been served in this case, they were not required to respond to anything that Plaintiff has filed.[1] Nor has the Court ordered that the Defendants take any action. Accordingly, the Court denies Plaintiff's motions for an order to show cause. (ECF Nos. 10, 15).

The Court will not screen Plaintiff's complaint until after he files a complete application to proceed *in forma pauperis*. Plaintiff is correct that he has already filed an application to proceed *in forma pauperis*. In fact, he has filed three separate applications to proceed *in forma pauperis*. (ECF Nos. 7, 8, 12). But, as the Court explained in its previous orders denying his applications to proceed *in forma pauperis*, each of those applications was incomplete.

A complete application to proceed *in forma pauperis* includes three separate documents: (1) a completed Application to Proceed *in Forma Pauperis* for Inmate, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3); (2) a Financial Certificate properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form); and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. Plaintiff did not file

---

[1] The Court's electronic filing system automatically includes a date for a response to a motion. It appears that Plaintiff believes that the Defendants were required to file a response to his motion by that automatically generated date. However, because the Defendants have not yet been served, they did not receive notice of Plaintiff's motions, and they were not required to respond.

2

a copy of his prison trust fund account statement with any of his application to proceed *in forma pauperis*.

The Court will give Plaintiff one last opportunity to file a complete application to proceed *in forma pauperis*. Plaintiff must file a complete application to proceed *in forma pauperis*, or pay the $405 filing in full, on or before **June 2, 2025**. If Plaintiff is having difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from prison or jail officials, then Plaintiff must file the first three pages of the application to proceed *in forma pauperis* on this Court's approved form together with a declaration detailing when he requested the financial documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. Plaintiff's declaration will include dates of his requests, dates of his follow-up requests, names of the officials that he spoke to about the matter, and their responses. If Plaintiff's declaration demonstrates that he has done all that was possible to acquire the documents from prison or jail officials, the Court will consider his application to proceed *in forma pauperis* to be complete.[2]

## II.  CONCLUSION

It is therefore ordered that Plaintiff's motions to enforce a court order or for an order to show cause (ECF Nos. 10, 15) are DENIED.

It is further ordered that that Plaintiff has **until June 2, 2025**, to either pay the full $405 filing fee for a civil action or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application to proceed *in forma pauperis* with the inmates two signatures on page 3, (2) a financial certificate that is properly signed both by the inmate and a prison or jail official, and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six month period.

---

[2] Plaintiff must still submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form with his declaration. If Plaintiff does not submit the first three pages of the application to proceed *in forma pauperis* with the declaration, the Court will recommend dismissal of this case without prejudice.

It is further ordered that if Plaintiff is not able to obtain his financial certificate and inmate trust fund account statement from prison or jail officials, Plaintiff has **until June 2, 2025**, to file the first three pages of the application to proceed *in forma pauperis* on the Court's approved form together with a declaration detailing the efforts that he took to acquire the financial documents from prison or jail officials.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. Dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can either pay the filing fee or properly apply for *in forma pauperis* status.

The Clerk of the Court is directed to resend Plaintiff the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

DATED THIS 2nd day of May 2025.

_____
UNITED STATES MAGISTRATE JUDGE